COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-364-CR

MANUEL R. MURILLO APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------ 
 

Appellant Manuel R. Murillo entered an open plea of guilty to two counts of indecency with a child by contact and elected to have the jury assess punishment. 
 
The jury assessed punishment at two years’ confinement on the first count 
and four years’ community supervision on the second count.  The trial court sentenced Murillo in accordance with the jury’s verdict. 

Murillo’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  Counsel’s brief and motion meet the requirements of 
Anders v. California
(footnote: 2) by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  Murillo was given the opportunity to file a pro se brief, but he did not do so.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  
See Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); 
Mays v. State
, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.).  Only then may we grant counsel’s motion to withdraw.  
See Penson v. Ohio
, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).  Because Murillo entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of Murillo’s plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea.  
See Monreal v. State
, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); 
Young v. State
, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

We have carefully reviewed the record and counsel’s brief.  We agree with counsel that this appeal is wholly frivolous and without merit.  We find nothing in the record that might arguably support the appeal.  
See Bledsoe v. State,
 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); 
accord Meza v. State, 
206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).
 
 We therefore grant counsel’s motion to withdraw and affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL: DAUPHINOT, HOLMAN, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: October 16, 2008

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
386 U.S. 738, 87 S. Ct. 1396 (1967).